**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**ROY BROOKS, Ed. D.**                                                                      **PLAINTIFF**

**v.**                        **CASE NO. 4:07-CV-00453 GTE**

**THE LITTLE ROCK SCHOOL DISTRICT, et al.**                         **DEFENDANTS**

### ORDER GRANTING LIMITED INJUNCTIVE RELIEF

Before the Court is the Motion for Preliminary Injunction and Supplemental Motion for Preliminary Injunction filed by Plaintiff Roy Brooks.  The Court bifurcated Plaintiff's requests, which are two-fold.  Initially, Dr. Brooks sought to disqualify Board Members Katherine Mitchell and Robert Daugherty from participating in any suspension or termination hearings. He subsequently sought to delay the suspension hearing scheduled for tonight at 5:30 p.m. The Court has elected to address the second contention first, regarding whether the suspension hearing should proceed tonight, prior to addressing the more complex issue of whether the participation of Defendants Dr. Mitchell and Mr. Daugherty should be prohibited.

The Court hereby adopts by reference its comments made at the beginning and during today's hearing and makes these additional findings of fact and conclusions of law pursuant to the requirements of Fed. R. Civ. P. 65.[1]

---

[1] The evidentiary hearing on the motion was completed at 3:20 p.m.  Time is of the essence in light of the scheduled 5:30 hearing, with which the School Board intends to proceed absent an Order of this Court.  The Court reserves the right to supplement this Order.

- 1 -

**PROCEDURAL MATTER**

Rule 65(a)(1) requires that notice be given to the adverse party before the preliminary injunction may issue. There is no question that all of the Defendant Board members had actual notice of these proceedings not later than last night, when same was discussed at a Special Board Meeting. This discussion included the possibility that the Court would stop tonight's hearing. And, of course, this hearing was scheduled on Friday, May 4, 2007, during a telephone conference in which Mr. Welch, counsel for the district, participated. But, in fairness, at that time only Dr. Mitchell and Mr. Daugherty were Defendants.

The urgency of these proceedings is primarily due to the School Board's refusal to delay the proceedings. Accordingly, the Court exercises the authority provided by Fed. R. Civ. P. 6(d) to modify the five day notice normally required for a hearing on a motion for preliminary injunction.

**FINDINGS OF FACT**

1. Much of the testimony today has concerned allegations that the School Board disregarded its own policies, procedures and/or customs by the manner in which it scheduled the suspension hearing. The Court has not relied on any such technical deficiencies in imposing this limited injunctive relief. It should, however, be noted that the proof indicates that the School Board did not consider the substance of the allegations against Dr. Brooks prior to deciding to proceed with suspension proceedings.

2. A majority of the Board voted on April 26, 2007 "to suspend Dr. Brooks in accordance with the language of the contract." The vote was made on motion of Dr. Mitchell. No cause for suspension was presented to, or discussed by, the Board prior to the vote.

3. The Board's April 26th vote was contrary to the specific provisions of Dr. Brooks' employment contract. The contract provides that Dr. Brooks is entitled to a hearing prior to his suspension.

4. On April 30, 2007, Dr. Mitchell sent Dr. Brooks a letter advising him that the Board had voted on April 26, 2007, to "conduct a hearing for the purpose of determining whether you should be suspended pending the hearing to determine whether your contract as superintendent with the Little Rock School District should be terminated." The letter concludes by advising Plaintiff that a suspension "hearing will be held on May 7, 2007, unless another date is agreed upon in writing by the parties." (Pl.'s Exh. 22).

5. The Court interprets the employment contract as requiring that the suspension hearing be conducted by a hearing officer.

6. Dr. Brooks has never received any notice of the specific charges to be presented against him at tonight's suspension hearing. Dr. Mitchell testified that she believed that the specific allegations would be provided to Dr. Brooks at the hearing itself.

7. Two of the four Board members testified today that they believe that the charges to be presented at tonight's suspension hearing are identical to the charges to be taken up at the termination hearing. This suggests that the Board members do not understand or appreciate the difference between the suspension and termination proceedings.

8. Despite the conclusory assertions by Dr. Mitchell, it appears that there is no emergency situation here that would justify proceeding with the hearing without providing Dr. Brooks with adequate notice of the suspension charges.

**CONCLUSIONS OF LAW**

Plaintiff's request for preliminary injunction is governed by Fed. R. Civ. P. 65 and traditional equitable doctrine.  To obtain injunctive relief, Plaintiff Brooks must show:

 (1) the threat of irreparable harm,  (2) the balance between that harm and the injury to the non-moving party if the injunction is granted,  (3) the probability of success on the merits of the claim, and  (4) whether granting the injunction would benefit the public interest.[2]

### (A)   IRREPARABLE HARM

The Court discussed this factor at length in its comments prefatory to today's hearing. Those comments are incorporated herein by reference.  The Court concludes that Roy Brooks has a constitutionally protected liberty interest in not being suspended.  Even though such suspension will be with pay, Dr. Brooks' suspension, in light of the well publicized controversy and public comments against him, will arguably impair his reputation to the degree that his liberty interest is implicated.  Such interests, unlike the property interests created by his employment contract, may not be remedied adequately by money damages.

### (B)   LIKELIHOOD OF SUCCESS ON THE MERITS

"[D]ue process is flexible and calls for such procedural protections as the particular situation demands."  *Morrissey v. Brewer*, 408 U.S. 471 (1972).

In *Gilbert v. Homar,* 520 U.S. 924, 929 (1997) (omitting internal citations), the Supreme Court stated:

> In *Cleveland Bd. of Ed. v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), we concluded that a public employee dismissable only for cause was entitled to

---

[2] *Dataphase Sys., Inc. v. C L Sys., Inc.,* 640 F.2d 109, 114 (8th Cir.1981) (en banc).

>a very limited hearing prior to his termination, to be followed by a more comprehensive post-termination hearing. Stressing that the pretermination hearing "should be an initial check against mistaken decisions-essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action," we held that pretermination process need only include oral or written notice of the charges, an explanation of the employer's evidence, and an opportunity for the employee to tell his side of the story.  In the course of our assessment of the governmental interest in immediate termination of a tenured employee, we observed that "in those situations where the employer perceives a significant hazard in keeping the employee on the job, it can avoid the problem by suspending *with pay.*

Dr. Brooks, if suspended, will be suspended with pay.  A question thus arises as to whether Dr. Brooks is entitled to the customary pre-adverse action protections, notice and an opportunity to be heard, in light of the fact that he will suffer no immediate financial detriment as a result thereby.  This presents an interesting issue which, like most of the myriad of other legal issues presented in this matter, has not been briefed by the parties.

Post-deprivation process may justify minimizing or even eliminating pre-deprivation procedural due process requirements.  This has frequently been the case "where a State must act quickly, or where it would be impractical to provide pre-deprivation process." *Gilbert*, 520 U.S. at 930.  Here, it appears that there is little, if any, post-deprivation process associated with the suspension hearing.

As stated, in the Court's view a hearing officer is required under the terms of the employment contract.  Counsel for the School Board stated in open court that they are agreeable to either of two local attorneys.  Counsel further suggested that the failure to agree on a hearing officer is the fault of Plaintiff, who has suggested three other possible hearing officers.  The Court expects counsel to agree on a hearing officer not less than 4 days prior to any suspension hearing.

**(C)    BALANCE OF HARMS**

This limited injunctive relief will serve to maintain the status quo until such time as the School District can comply with minimal constitutional safeguards.  The harm to Dr. Brooks if the injunction is denied is far greater than the harm to the School District if the injunction, on the limited terms noted, is granted.

**(D)    PUBLIC INTEREST**

There are arguments to be made on both sides of this issue.  However, this factor tips in Dr. Brooks' favor.  The public benefits if contracts are honored and procedural due process is followed.

**CONCLUSION**

For the reasons stated in open court and herein,

IT IS HEREBY ORDERED THAT Plaintiff Roy Brooks's Supplemental Motion for Preliminary Injunction be, and it is hereby, GRANTED on the limited terms set forth herein. The Board may go forward with the suspension hearing on the condition that a hearing officer shall preside and the procedural due process requirements of the contract shall be followed. The Board shall provide Dr. Brooks with a clear, concise, written list of specific grievances that are alleged to justify his suspension pursuant to the employment contract.  Said written notice shall be provided not less than 5 days prior to any suspension hearing.

IT IS SO ORDERED THIS  7th  day of May, 2007.

       /s/GarnettThomas Eisele      
       UNITED STATES DISTRICT JUDGE