**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
U.S. POST OFFICE & COURTHOUSE
P.O. BOX 3684
LITTLE ROCK, ARKANSAS 72203

G. THOMAS EISELE
SENIOR JUDGE

May 8, 2007

**<u>LETTER ORDER</u>**

**TO:**

Jess Askew at jaskew@williamsanderson.com
Philip Anderson at panderson@williamsanderson.com
Janet Pulliam at jpulliam@williamsanderson.com
Clay Stone at cstone@williamsanderson.com
Terrence Cain @ terrencecain@windstream.net
Morgan ("Chip") Welch @ mwelch@welchandkitchens.com
Chris Heller @ heller@fec.net
Khayyam Eddings @ keddings@fec.net
Phil Kaplan @ pkaplan@kbmlaw.net

    Re: *Roy Brooks, Ed.D. v. Little Rock School Dist.*, Case No. 4:07-CV-00453 GTE

Dear Counsel,

    A hearing is scheduled for tomorrow to address the remaining injunctive and other equitable relief sought by Dr. Brooks, to wit: (1) disqualification of Dr. Mitchell and Mr. Daugherty from participating in either the suspension or termination proceedings against Dr. Brooks; and (2) granting the relief necessary to "to remove the taint" allegedly caused by Dr. Mitchell's letter of April 27, 2007, directed to nine administrative employees of the Little Rock School District ("District" or LRSD).

    The Court takes up the recusal or disqualification issue first. The Court has reflected carefully on the issues raised by Plaintiff's motion. Assuming everything Plaintiff alleges is proved true during Wednesday's scheduled hearing, the question still remains: should this Court exercise its equitable powers to prohibit Defendants Dr. Mitchell and Mr. Daugherty from participating in the upcoming suspension and termination hearings? In other words, assuming the facts alleged in Plaintiff's Complaint and motion are true, will such factual showing justify the extraordinary relief requested?

    Federal court intervention to halt prospectively the participation of elected school officials in connection with matters within the scope of their official duties is federal relief of the highest order and magnitude which, in turn, raises serious issues of comity and federalism. Additionally, in the Court's mind, there may be an issue of prior restraint. Although we have had

little opportunity for in-depth research, I am unaware of any case in which a federal judge has imposed such relief.

Dr. Mitchell and Mr. Daugherty are entitled to the presumption that they will act in good faith and comply with federal due process constraints. The Court recognizes that such presumption may be lost by "personal animosity, illegal prejudice, or a personal or financial stake in the litigation."[1] However, if the Court grants the preliminary relief requested it will deprive Dr. Mitchell and Mr. Daugherty of the opportunity to voluntarily conform their participation, if any, in the anticipated suspension and termination proceedings to constitutional and contractual requirements.

Plaintiff's counsel in a letter to the Court dated May 7, 2007,[2] relies on several cases in support of its call for a prospective, prohibitory mandatory injunction. The Court is not adequately persuaded thereby. The Court recognizes that the Idaho Supreme Court might allow for such relief.[3] However, a state judge granting such relief does not present the same federalism or comity issues as a federal judge doing the same.

In the other case relied upon by Plaintiff, a case from the Fifth Circuit, *Valley v. Rapiedes Parish School Board*, 118 F.3d 1047, 1053 (5th Cir. 1997), the court was not called upon to disqualify school board members prior to their vote and thus, it provides no authority for this Court to do so. The language from said case is instructive, however, on the circumstances in which Dr. Mitchell or Mr. Daugherty might be held to be constitutionally unacceptable decision makers:

> (1) where the decision maker has a direct personal, substantial and pecuniary interest in the outcome of the case; (2) where an adjudicator has been the target of personal abuse or criticism from the party before him; and (3) when a judicial or quasi-judicial decision maker has the dual role of investigating and adjudicating disputes and complaints.

*Id.*

Here, both Dr. Mitchell and Mr. Daugherty have alleged that they have been the target of personal abuse and criticism from Dr. Brooks, the party who will be before them if they should choose to take a role in deciding that cause exists for his suspension or termination. Awareness

---

[1] *Welch v. Barham*, 635 F.2d 1322, 1326 (1980).

[2] The letter was sent to the Chamber's e-mail Inbox shortly before yesterday's hearing, but the Court did not become aware of the letter until today.

[3] *Miller v. Bd. of Trustees, Ririe Joint School Dist. No. 252*, 970 P.2d 512 (Idaho 1998); *Johnson v. Bonner Co. School Dist. No. 82*, 887 P.2d 35, 36 (Idaho 1994).

of the case law in this area, together with the advice of their counsel, may counsel a voluntary decision not to participate in any final decisions regarding Dr. Brooks' suspension or termination, but instead to abide by the conclusions of the hearing officer. Dr. Mitchell and Mr. Daugherty should have the opportunity, however, to make this decision for themselves.

Secondly, the Court is obliged to comment on the letter sent by Dr. Mitchell to nine senior administrative employees of the District.[4] The Court will not at this time attempt to inquire into Dr. Mitchell's subjective intent when she decided to compose and send the letter asking the recipients to "refrain from taking any action that would undermine the charges against Dr. Brooks or otherwise harm the LRSD."[5] However, the Court holds as a matter of law that the letter is objectively threatening. In other words, any reasonable administrative employee of the District who received such letter would conclude that he or she had thereby been instructed by Dr. Mitchell not to do anything that would assist Dr. Brooks in opposing the charges against him. Further, any reasonable administrative employee receiving such letter would likely conclude that if he or she did so help Dr. Brooks, that person's future employment under a new Superintendent (selected by the 4 directors seeking Dr. Brooks' removal) might well be in jeopardy. Any reasonable recipient would further conclude that he or she would be acting against the wishes of Dr. Mitchell if that employee were to offer testimony or evidence in Dr. Brooks' favor at a suspension or termination hearing. Such conclusions arguably would have a chilling effect on the willingness of the senior administrative employees to become witnesses or to offer their candid views of Dr. Brooks' behavior or performance.

The Court assumes Plaintiff takes the position that the April 27th letter alone is proof sufficient to justify prohibiting Dr. Mitchell's involvement in any proceedings involving Dr. Brooks. Plaintiff may be correct that Dr. Mitchell's subsequent involvement in the suspension or termination for cause proceedings, at least in the absence of any effort to retract the letter or to reassure recipients of the letter that their jobs are not in jeopardy if they support Dr. Brooks, may cast a fatal taint on any suspension or termination for cause approved by the Board.

Unfortunately, the Court can not "unring the bell" of the threat created by Dr. Mitchell's letter. The Court can, however, reassure the recipients of such letter that they may offer testimony and evidence on Dr. Brooks' behalf and that it would be a violation of law for action to be taken against them in reprisal as a consequence of their testimonial or, other support, of Dr. Brooks.

This Court recognizes that the Plaintiff has presented serious arguments in support of his

---

[4] The Court does not believe the factual allegations concerning Mr. Daugherty's role (i.e., seeing the letter and being told that it was going to be sent out) adequately shows legal responsibility on his part for the communication of the threat.

[5] Letter from Dr. Mitchell dated April 27, 2007. (Exh. M to Pl.'s Motion for Preliminary Injunction).

requested relief. However, the Court is convinced that it would be premature, and an undue federal court intrusion, to prohibit Dr. Mitchell prospectively from taking part in proceedings related to Dr. Brook's suspension or termination for cause. The voters of Little Rock School District's Zone 1 elected Dr. Mitchell and are entitled to their representation by her.

This Court has confidence that all the members of the Board, after time for mature reflection, will be able to conform their conduct to the requirements of the law and that they will do so. If not, Dr. Brooks will, of course, have recourse to the remedies available to him. In addition to his contract remedies, he may be entitled to damages for violation of his constitutional rights and, depending on the circumstances, even to punitive damages. If his constitutional rights are violated, he may come back to federal court and the Court will at that time inquire whether his suspension and termination hearings were simply sham and pretense,[6] and therefore constitutionally invalid. The Court will not, however, subject Dr. Mitchell and Mr. Daugherty to inquiry into their bias and fitness at this time. Such inquiry would be premature. They can search their hearts and minds and determine whether they can judge Dr. Brooks fairly. If not, they may voluntarily recuse from active participation in any decision in which they are unable to sit as fair and impartial decision makers. Of course, if the Board simply defers to the findings and conclusions of the hearing officer(s), the recusal issue may not even arise.

After balancing the competing interests of Dr. Brooks, the interests of Dr. Mitchell and Mr. Daugherty, and the interest of the School Board in being permitted to run the district's affairs free from federal court intrusion, the Court concludes that Plaintiff Brooks' Motion for Preliminary Injunction should, at this juncture, be denied as premature.

The Court recognizes that it might well be wrong in its decisions, both yesterday and today. Both parties have the right to pursue interlocutory appeals, in which case the Eighth

---

[6] *See Ciechon v. City of Chicago*, 686 F.2d 511, 517 (7th Cir.1982)("Due Process requires that a hearing 'must be a real one, not a sham or a pretense.'"); *Levenstein v. Salafsky*, 164 F.3d 345, 352 (7th Cir. 1998)(explaining "the commonsense notion that fundamentally biased process is not *due* process").

4

Circuit Court of Appeals may correct me and, if so, will hopefully clarify the law and provide guidance as to the appropriate resolution of these complex and sensitive issues.

    I remain,

Yours truly,

*/s/ G. Thomas Eisele*

G. Thomas Eisele